# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF TEXAS

# AMARILLO DIVISION

| | | |
|---|---|---|
| GARY GENAW, | § | |
| | § | |
| PLAINTIFF, | § | |
| vs. | § | CIVIL ACTION CAUSE NUMBER |
| | § | |
| NCO FINANCIAL SYSTEMS, INC., | § | 2:12-CV-0260-J |
| | § | |
| DEFENDANT. | § | |

## MEMORANDUM OPINION AND ORDER GRANTING MOTION TO DISMISS

Before the Court is Defendant's motion, filed January 14, 2013, to dismiss all of Plaintiff Gary Genaw's claims. Plaintiff Genaw has filed no response to this motion, and the time for a response has long passed. For the following reasons, this motion is granted.

### *Background*

Plaintiff alleges that he received two telephone calls from the Defendant during which attempts were made to "skip trace" an alleged debt owed by someone other than the Plaintiff. *See* Plaintiff's Original Petition at ¶ 11. Plaintiff alleges that these calls violated the "do not call" provisions of the *Telephone Consumer Protection Act,* 47 U.S.C. § 277(b). *See id.* at ¶¶ 14-19. Plaintiff further alleges that the Defendant withheld the caller ID information of the second call, made on October 24, 2012, which he alleges is a violation of the *Truth in Caller ID Act of 2009,* 47 U.S.C. § 277(e). *See id.* at ¶ 19. Finally, Plaintiff alleges that he verbally requested that the Defendant provide him with a copy of the Defendant's "do not call" policy during the October 24, 2013, telephone call, but that the Defendant refused his request for that policy. *See id.* at ¶¶ 22-23. Plaintiff seeks damages for all three alleged violations of the federal laws.

Defendant admits that it is a debt collector and made the calls at issue in an attempt to locate a debtor. However, the Defendant states that it did not solicit Plaintiff's business during either call, and therefore alleges that none of the *Telephone Consumer Protection Act* "do not call" provisions apply under the facts of this case.

### ***Discussion and Analysis***

The national do-not-call registry allows individuals to register their phone numbers on a national "do-not-call list," and prohibits most commercial telemarketers from calling the numbers on that list. *Mainstream Marketing Services, Inc. v. F.T.C.,* 358 F.3d 1228, (10th Cir. 2004). It governs only commercial sales calls such as advertising and telemarketing; it does not apply to calls made for a commercial purpose that do not include an advertisement or constitute telemarketing. In short, "the federal regulations prohibit only telephone solicitations." *Larson v. City and County of San Francisco,* 192 Cal. App. 4th 1263, 123 Cal. Rptr. 3d 40 (Cal. App. 1st Dist. 2011).

Title 47, U.S. Code, Section 277 codifies two relevant Congressional acts – *The Telephone Consumer Protection Act* (TCPA) and *The Truth in Caller ID Act of 2009.* The TCPA places restrictions of telemarketing, telephone solicitations, and facsimile advertising. The TCPA declares it illegal to initiate any telephone call to any residential line using an artificial or prerecorded voice to deliver a message without the prior express written consent of the called party, unless the call is made for a commercial purpose and does not include or introduce an advertisement or constitute telemarketing. See 47 U.S.C. § 277; CFR § 64.1200(a)(3)./[1]

---

[1] As defined by § 277(f)(12) & (14) of the TCPA, the "term telemarketing means the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person," and the "term telephone solicitation means the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person, but such term does not include a call or message:
  (i) To any person with that person's prior express invitation or permission;
  (ii) To any person with whom the caller has an established business relationship; or

2

Plaintiff does not allege that the Defendant initiated either of the telephone calls at issue to his residential line using an artificial or prerecorded voice to deliver an advertising or solicitation message. Plaintiff alleges that both calls were made for the commercial purpose of finding an alleged debtor. Plaintiff does not allege that either call included or introduced an advertisement or constituted telemarketing. Under these facts, Plaintiff has failed to state a claim under the TCPA for which relief can be granted.

In 2010, Congress amended the TCPA statute to prohibit an additional practice: the manipulation of caller-identification information. *Mims v. Arrow Financial Services, LLC*, ___ U.S. ___, 132 S.Ct. 740 (2012)(citing *The Truth in Caller ID Act of 2009*, Pub.L. 111–331, 124 Stat. 3572, 47 U.S.C. § 277(e))(ID Act). The ID Act prohibits commercial entities from providing communications services that included the capability of "spoofing" caller identifications (ID), punishing organizations and individuals who use caller ID spoofing for commercial, political or personal reasons. *Teltech Systems, Inc. v. Bryant*, 702 F.3d 232 (5th Cir. 2012). In other words, it prohibits telephone service providers from using or providing false, fraudulent, misleading or inaccurate telephone caller identification information.

The statute does that by stating that it "shall be unlawful for any person within the United States, in connection with any telecommunications service or IP-enabled voice service, to cause any caller identification service to knowingly transmit misleading or inaccurate caller identification information with the intent to defraud, cause harm, or wrongfully obtain anything of value, unless such transmission is exempted pursuant" to provisions that are not relevant here. 47 U.S.C.A. § 227 (e)(1). However, the act provides a safe-harbor provision protecting service providers from liability for blocking all caller identification information: "Nothing in this subsection may be construed to

---

(iii) By or on behalf of a tax-exempt nonprofit organization."

prevent or restrict any person from blocking the capability of any caller identification service to transmit caller identification information." 47 U.S.C.A. § 227 (e)(2).

The ID Act permits all caller ID information to be blocked without liability. Therefore the Plaintiff's second claim – that the Defendant withheld all of the caller ID information on its second call, made on October 24, 2012 – does not constitute a violation of the *Truth in Caller ID Act of 2009*, 47 U.S.C. § 277(e).

Plaintiff's third claim is the allegation of a federal violation because the Defendant refused to provide him with a copy of its "instituted policy procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity." *See* 47 C.F.R. § 64.1200(d). However, again, that regulation does not apply under the facts alleged here because on its face §277 and its regulations only apply to a "person or entity" making telephone "calls for telemarketing purposes to a residential telephone subscriber." *Ibid.*

## Conclusions

For all of the above-stated reasons, Plaintiff has failed to state a claim upon which relief can be granted. All of the Plaintiff's claims are therefore dismissed with prejudice. A final judgment will be entered in accordance with this memorandum opinion and order.

It is SO ORDERED.

Signed this the 6th day of May, 2013.

MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE